GUILFORD, WOOD & CO., for use, *vs.* McKINLEY.

1. Where a piano is sold conditionally upon the payment of a certain price, and the proof is that only part of the purchase money has been paid, the title remains in the seller to recover the balance of the price agreed upon; and the plaintiffs are not required to tender back the part paid before they can recover, the payments made going in mitigation of damages.

2. In case the piano is not a good, merchantable article, but a defective instrument, the defendant may show that fact, and that as much as it is worth, in its defective condition, has been paid, and thus that the plaintiffs have not been damaged anything. In which event the plaintiffs cannot recover at all.

Contracts. Sales. Trover. Title. Evidence. Before Judge HILLYER. Fulton Superior Court. April Term, 1878.

To the report contained in the opinion it is only necessary to add the following:

G., W. & Co. brought trover against McKinley for a piano. Defendant pleaded as follows:

(1.) That she bought the piano, from plaintiffs, to be paid

for in installments; and that she had thus paid $365.00, for which credit should be allowed. (2.) Partial failure of consideration, in that the piano was not a good, merchantable article, as warranted. (3.) Infancy.

The jury found for defendant. Plaintiffs moved for a new trial, on the following among other grounds: (1.) Because the court refused to strike the first two pleas. (2.) Because the court charged as follows: "If, at the end of ten months from the date of the instrument and afterwards, the parties elected to treat the transaction as a sale, and the plaintiffs accepted the sums credited on the instrument as part payment of the price of the same, leaving the piano in the possession of the defendant, then the plaintiffs could not recover the piano without tendering back to the defendant the amount advanced on account of the purchase price. The law would not permit the plaintiffs to retain money advanced as part payment of the price, and at the same time claim the right to recover the personal property from the possession of the party to whom it had been sold, if it was a sale."

The motion was overruled, and plaintiffs excepted.

G. K. CAMP; B. F. ABBOTT, for plaintiffs in error, cited, on nature of contract, title in plaintiffs, 58 *Ga.*, 379 ; 59 *Ib.*, 295 ; Benj. on Sales, 222–238 ; Code, §§2715, 2710, 1969, 893 ; 2629 ; 23 *Ga.*, 205 ; Bouv. L. Dic., 180. Effect of receiving installments, 24 *Ga.*, 478 ; 53 *Ib.*, 18.

R. ARNOLD; FRANK A. ARNOLD, for defendant, cited as follows: Pleas good, Code, §§2652, 2696, 3086 ; 55 *Ga.*, 55; 54 *Ib.*, 593. Charge did not hurt plaintiffs, Code, §2727 ; 1. Parsons on Contracts, 475. Nature of trover, Code, §§3563, 3564; 24 *Ga.*, 485 ; 23 *Ib.*, 63 ; 38 *Ib.*, 250.

JACKSON, JUSTICE.

This suit was brought to recover a piano to which the plaintiffs claimed title. The jury found for the defendant; the plaintiffs moved for a new trial: it was refused, and on that refusal error is assigned.

There was a contract in writing between the parties, whereby the piano was leased for ten months to the defendant, on consideration of the sum of four hundred and twenty-five dollars, to be paid at certain times therein stipulated, and at the expiration of that time, and upon the payment of that money, the plaintiffs were to make a title to defendant to the piano. Various sums of money were paid by the defendant, before the expiration of the lease and afterwards, running through a period of two or three years, and there is evidence tending to show that the contract was treated as a sale after the expiration of the lease. But the entire purchase money was not paid by the defendant, and she pleaded that the instrument was not such as was represented or warranted in law to be, and that its value had been paid in full—three hundred and sixty-five dollars having been paid thereon. The pleas of defendant, in so far as they contradicted the written instrument were, of course, illegal; but they seem to have been the construction put upon that instrument by the defendant; and in that view, and in the view that the defendant had the right to show that the piano was not a good one, and that she had paid fully its worth, the court was right not to strike them.

The view we take of the case is, that the paper made a conditional sale of the piano, the condition being the payment of the price agreed upon, to be paid at the expiration of the lease; but as the instrument was warranted in law to be merchantable and good, the defendant had the right to show that it was not such as it was sold for, and that, owing to its defects, she had already paid more than its value, and that the title in her thus became fixed. In other words, that she had the right to recoup the damage resulting from its defects, against the price she agreed to pay for it, if it had been a good merchantable piano. The jury had the legal authority to find that thus the piano had been fully paid for, and that thus the title was in her, and we think that the evidence authorized such a verdict. But error is assigned upon the charge of the court, and we think that the court

erred in charging the jury that the plaintiffs could not re-cover unless they tendered back the purchase money already paid, and as there was no shadow of evidence that it had been so tendered back, it is probable that this charge con-trolled the verdict. The action for trover is a suit for dam-ages, and the question is what is the plaintiff's damages? 30 *Ga.*, 121. The real questions in the case are, therefore, first, has the purchase price agreed upon been paid? and the answer to this being, necessarily, in the negative from the evidence; secondly, was the instrument sold not a good ar-ticle, according to representation or implied warranty, and if not, has its value been paid? If its value has been paid in its defective condition, then the verdict should be for the defendant; if not, then for the plaintiffs the remainder of the purchase price, which might be discharged by the deliv-ery of the piano within a limited time.

Our view of the law is, that the title to the piano is in the plaintiffs until the defendant has paid therefor, and that the plaintiffs have the right to recover it unless the balance of the price be paid, which payment may be in money or by showing that the piano was a faulty instrument, and that thé plaintiffs had got all that it was worth owing to its defects. The charge of the court, which did not permit the jury to pass upon the questions as above presented, but interdicted any recovery unless the purchase money already paid was tendered back to the defendant, was erroneous, and we are constrained to award a new trial therefor. The jury may find again possibly as they did before, but the case should be presented to them, in the opinion of this court, under the view above taken.

No other error of any consequence appears in the record. See 27 *Ga.*, 96.

Judgment reversed.