LUDDEN & BATES *vs.* MORROW.

The evidence being conflicting, and no error of law complained of, this court will not interfere with the discretion of the court below in refusing a new trial.

Verdict. New trial. Before Judge HILLYER. Clayton Superior Court. March Term, 1879.

Reported in the decision.

JAS. T. SPENCE; J. L. DOYAL, for plaintiffs in error.

W. L. WATERSON; STEWART & HALL, by H. C. PEEPLES, for defendant.

JACKSON, Justice.

This was an action of trover for a piano brought by Ludden & Bates, on the following state of facts: The piano was sold, or leased at first, to Key by this contract, to-wit:

"This agreement made this twenty-ninth day of January, 1874. be-tween Ludden & Bates, of the one part, and· C. A. Key, of the other part, witnesseth that Ludden & Bates have leased to Key one piano (describing it) for seventeen months from date, for $350.00, for the whole term aforesaid, to be paid as follows : $100.00 cash, balance $15.00 per month regularly in advance from the above date. It is, however, provided that if at the end of the said seventeen months the .said Key shall have paid said $350.00, then Ludden & Bates agree to sell to Key the piano, and to execute a bill of sale thereto. It is further agreed that the piano is not to be removed from the residence of Key during the continuance of the lease, without the written consent of Ludden & Bates, and a failure to pay the aforesaid sum, or removal or attempt to remove the piano without the consent of Ludden & Bates, shall make void the lease at their option, and they shall have the right to enter the dwelling of Key and remove the instrument. It is expressly understood that Ludden & Bates do not part with, nor does Key acquire, title until all said money is paid."

Nearly about the expiration of seventeen months $190.00 had been paid upon the piano, and on the ninth day of ·May, 1875, a note at thirty days was given for $165.70, as the balance due on the contract. Some time thereafter Key sold the piano to the defendant and delivered the same to him ; and this suit is brought to recover it. The note for $165.70 was not paid, suit was instituted thereon in August, 1875. no plea filed in defense, and judgment rendered for plaintiff against Key. The defendant, when he bought, knew nothing of the condition of the trade or the title to the piano. The plaintiffs did not testify in this, the trover case, but examined the defendant and Key. The defense was that when the note was given, it was expressly understood by the parties, that the lease and first contract were abrogated, and that by virtue of a new contract then and there made, the title passed to Key, and from him afterwards to defendant.

The court left that question to the jury, charging to the effect, that under the instrument in writing first made, the title was reserved in Ludden & Bates, and they must recover unless "a subsequent contract was entered into, and it was the intention of the parties, and so understood

by them, that the terms of the first contract be abrogated and at an end ;" that it made no difference that defendant was an innocent purchaser, if the original contract had not been abrogated, and was of force when Key sold to defendant, then the latter got no title because Key had none to convcy ; that usually a note is merely a liquidation of a debt and does not operate as payment, but only fixes the amount due on the accounting ; but if the parties, both of them, intended it to operate as a settlement and termination of the first contract, then the title passed when the latter contract was made.

No exception was taken to the charge, the jury found for defendant, and a motion was made for a new trial solely on the ground that the evidence does not support the verdict, and therefore it is against law : the presiding judge overruled it, and plaintiffs bring the question here.

Key testified that he "did have a settlement and give the note, and this he understood to be a final settlement of the matter." The plaintiffs introduced him and did not testify themselves.

They sued on the note first, and only on failure to collect the money on it, brought suit for the piano. The positive testimony of Key, added to the circumstances that neither one of plaintiffs testified, and that they abandoned pursuing their right to the piano until their failure to collect the judgment on the note, is sufficient to sustain the verdict. The facts make substantially a conditional sale, or agreement to sell, at the expiration of the lease, the condition being the payment of all the purchase money, 61 *Ga.*, 230 ; but it is certainly in the power of the parties to dispense with the condition if they desire to do so—to substitute a promissory note, payable at bank, for the cash or part of it, by a new contract. According to the finding of the jury, they did this ; and thereby the title passed to Key.

Whilst we think that it would have been much more satisfactory had the evidence shown a clean bill of sale, '

or at least a surrender of the old contract when the new one was made, and whilst our finding might have been different from that of the jury on account of the absence of this proof, yet the silence of plaintiffs in respect to the new contract and the positive testimony of Key thereon, furnish evidence sufficient to sustain a verdict in favor of an innocent purchaser without notice, especially when that verdict is approved by the presiding judge.

Judgment affirmed.