WILMERDING, adm'r, *v.* RHODES-HAVERTY FURNITURE CO.

SIMMONS, C. J. 1. Where a vendor sells certain personal property to be paid for in instalments by the vendee, and enters into a written contract with the vendee, retaining the title to the property, with a stipulation in the contract that if any of the instalments are not paid the vendor "shall have the right to take possession of the property without any legal process, and all payments made up to the time of default shall be applied as rent for said property and depreciation in value," and the vendee defaults as to some of the payments and dies, the vendor is not guilty of a trespass if he seizes and removes the property while in the hands of the administrator of the vendee.

2. According to the terms of the contract the title to the property was in the vendor, and he had the right, under the contract, to remove it, in case of default, without any legal process. The administrator had no more title than the vendee.

3. Whether the stipulation in the contract as to rent is reasonable is not in the case. That part of the declaration was stricken on demurrer, and this ruling was not excepted to by the plaintiff.

*Judgment affirmed. All the Justices concur.*

Submitted January 31, — Decided March 6, 1905.

Action of trespass. Before Judge Calhoun. City court of Atlanta. January 29, 1904.

The plaintiff sued as administrator, alleging that, after he had qualified as such, the defendant illegally and forcibly, and without any authority, took from his possession and deprived him as administrator of his legal possession of certain furniture which his intestate had bought from the defendant. At the trial it appeared, from the plaintiff's evidence, that at the time of the intestate's death, which occurred in February, 1903, the furniture was in her possession, at the house in which she resided; that the plaintiff, after he had qualified as administrator, left the furniture at the house, with a person residing there, who took charge of it as his agent, and who was in charge of it as such when, in April, 1903, the defendant forcibly took possession of it, claiming title to it under a written contract signed by the intestate, which the plaintiff introduced in evidence, and which is described in the foregoing decision; also that the intestate failed to pay a part of the purchase-money, and that it was still unpaid when the defendant took possession of the furniture. The court granted a nonsuit, and the plaintiff excepted.

Cited by counsel: Civil Code, §§ 2909, 2948; 112 *Ga.* 148, 340; 114 *Ga.* 338.

*Bishop & Ripley*, for plaintiff.

*Dorsey, Brewster & Howell* and *Hugh M. Dorsey*, for defendant.