### WOODWARD *v.* FULLER *et al.*

ATKINSON, J. Elnora Woodward instituted an action against U. S. Fuller and G. Z. Blalock, for an accounting, to have a certain note by plaintiff to defendants, covering the purchase-price of described lands, decreed paid, and to require defendants to specifically perform their contract for the sale of the land, as evidenced by a bond for title. An ancilliary petition was filed, seeking to enjoin the defendants from prosecuting certain proceedings against plaintiff's husband and her son, for collection of rent and eviction from the land. The issues were tried as one suit. The defendants set up that when the note fell due the plaintiff, realizing that she would be unable to pay for the land, entered

into an agreement with the defendants to surrender all interest in the land, in consideration of the surrender of the note; and that there was a mutual surrender of the papers, which being done, defendants rented the land to plaintiff's husband, who continuously occupied the land with plaintiff and paid rent therefor. At the trial there was an agreement as to certain facts. One clause of the written agreement was: "As to whether she surrendered the bond for title, it is agreed if she did not surrender the same to Fuller and Blalock, the six bales of cotton per year for five years delivered to Fuller and Blalock was a payment on the note, but if she did surrender the bond for title, that is a settlement of the question." The question thus left open was the central matter of contest at the trial. A verdict was returned for the defendants. The exception is to the refusal of a new trial. *Held:*

1. The judge having correctly stated at length the contentions of the parties, the further instruction that "These pleadings will go out with you, and it will be your privilege and duty to read them over, and ascertain just what they contain. If there are issues that I have not referred to, you ought to learn what these issues are from these pleadings when you go out," will not furnish ground for a reversal of the judgment. *Central Ry. Co.* v. *McKinney*, 118 *Ga.* 535 (45 S. E. 430); *Atlanta R. Co.* v. *Bagwell*, 107 *Ga.* 157 (33 S. E. 191); *Jones* v. *McElroy*, 134 *Ga.* 857 (68 S. E. 729, 137 Am. St. R. 276).

2. Evidence to the effect that plaintiff went to the store of defendants and agreed to surrender the bond for title and all interest in the land, in consideration of the return of the note, and that she would go home and send the bond for title by her husband, to whom the note should be delivered, and that after such agreement she and her husband went home and the next day the husband returned with a package of papers which was thought to contain the bond for title, but, upon ascertaining that it did not, the husband stated that the plaintiff must have put it in some other place about the house; whereupon the attorney of defendants went in person to the house of the plaintiff and repeated what the husband had stated, and she went into the house and brought out the bond for title, after which the attorney returned with it to the store and closed the matter with the husband by retaining the bond and delivering the note to him, and thereafter the husband rented the land from defendants and continuously resided thereon with his wife, paying rent therefor, was sufficient upon which to base a charge upon the law of agency.

3. When considered in connection with the entire charge and the agreed statement of facts, the instruction: "You will determine whether she surrendered the bond for title; and if so, whether it was a voluntary surrender or not. I charge you that both parties are bound by that contract contained in the note and bond for title. It is incumbent on the plaintiff to pay the note; and if the plaintiff pays the note, it is incumbent on the defendants to make a deed to the lands described in the bond for title, if the plaintiff is entitled to the bond for title and never surrendered it. . . I charge you that if you believe the plaintiff, or plaintiff's agent, surrendered the bond for title, that terminated

the trade and voided the transactions between them in regard to the land. If the plaintiff in this case surrendered voluntarily the bond for title to the defendants in this case, that would end all her claims to right and title to this land, and she would be no longer the purchaser of the land," was not erroneous on the ground that it was too restrictive as predicating plaintiff's recovery wholly upon the question as to whether the bond was voluntarily surrendered, without regard to the purpose for which it was surrendered. Nor was the charge erroneous on the ground that it was not authorized by the pleadings and evidence.

4. After giving a charge as requested by the plaintiff's attorney, as follows: "In determining the circumstances under which the bond for title was surrendered, you will look to all the surrounding facts, and consider what the parties said at the time, and whether or not they allowed the plaintiff to still remain in possession of the land," it was not erroneous, in view of all the evidence, to add thereto: "and whether the plaintiff remained in possession under an agreement to purchase, or as a tenant."

5. There was no sufficient evidence of agency of the plaintiff's husband, or ratification by the plaintiff of the act of her husband in executing a mortgage (as set out in the sixth ground of the motion for new trial) as agent for the plaintiff; and it was erroneous to admit evidence thereof.

6. Depositions of a witness, taken under the provisions of the Civil Code, §§ 5908, 5909, when taken with the aid of a stenographer, after being written out, should be signed by the witness notwithstanding the stenographer was one agreed upon between the parties. The evidence adduced when objection was raised to the reading of the depositions at the trial was insufficient to overcome the defect above mentioned.

7. The relevancy and materiality of the evidence the admission of which was complained of in the eighth and twelfth grounds of the motion for new trial is doubtful, but its admission would not furnish ground for a reversal.

8. The ninth, tenth, and eleventh grounds of the motion for new trial complain that the judge, over stated objections, allowed a witness to answer stated questions, without setting forth the answers made by the witness. These grounds are insufficient to present any question for decision.        *Judgment reversed. All the Justices concur.*

             MAY 16, 1916.

    Equitable petition. Before Judge Daniel. Monroe superior court. May 8, 1915.

*Willingham & Willingham* and *C. J. Lester,* for plaintiff.

*Persons & Persons* and *H. E. Chambliss,* for defendants.