## ALACULSEY LUMBER COMPANY *v.* FLEMISTER *et al.*

1. Where certain evidence is admitted by the court on the statement of counsel offering it that he will subsequently prove certain facts rendering the evidence admissible (which is not done), the admission of such testimony will not require a reversal, where no motion is made later to rule it out, or the timely attention of the court called thereto.

2. Where freeholders made a return to the ordinary, dividing property in kind between the heirs and distributees of a decedent, and the recitals in the return are sufficient to indicate that an application was made to the ordinary for a division of the estate in kind and that it was in the process of being administered, there is a presumption that a proper application was made to the ordinary to have a division of the property made in kind; and on the trial of an ejectment suit wherein one of the heirs is a plaintiff, involving the title to a lot of land awarded to her by the freeholders making the return, it is not error to admit in evidence a certified copy of the return dividing the property in kind.

3. Where on the trial of such suit there was evidence tending to show that one of the defendant's predecessors in title claimed title to the land in controversy, it was not error to permit the plaintiff to testify that during the years that such predecessor claimed title he was acting as her agent and made to her disclaimers of title in himself.

4. On the trial of an ejectment suit it is competent for the plaintiff to testify as to the identity of her title papers and connect them with the land in controversy.

5. Regardless of whether the evidence objected to in ground eleven of the motion for new trial was admissible, its admission will not require a reversal of the judgment, for the reason that, independently of the evidence referred to, the court properly directed a verdict under the evidence which was clearly admissible.

6. It was not error to exclude from evidence a certified copy of a deed, where it was not shown whether any inquiry was made of the heirs or

administrator of the grantor as to the loss of the original deed, in order to lay the foundation for the introduction of the secondary evidence.

7 Under the evidence the court properly directed a verdict for the plaintiff.

DECEMBER 18, 1916.

Ejectment. Before Judge Fite. Murray superior court. August 13, 1915.

*C. N. King, W. E. Mann,* and *W. C. Martin,* for plaintiff in error. *Hendricks, Mills & Hendricks* and *J. J. Bates,* contra.

HILL, J. The defendant in error brought suit in the court below against the plaintiff in error, for the recovery of lot of land No. 171 in the 27th district and 2d section of Murray county, and for damages for cutting and removing timber from said lot. After the evidence was all in, the court directed a verdict for the defendant in error against the plaintiff in error for the land sued for, and submitted to the jury the question of the value of the timber cut, and they returned a verdict for the defendant in error. A motion for a new trial was overruled, and the plaintiff in error excepted.

1. Error is assigned because the court admitted in evidence a deed purporting to be from L. N. Callaway to A. W. Callaway (the latter being the plaintiff's father, who died intestate), the objection being that the deed was not recorded, that there was no proof of its execution, nor was there any proof of possession thereunder, as required by law in order to admit the same in evidence as an ancient document. The court admitted the deed provisionally, saying that "under the statement of Mr. Hendricks [plaintiff's attorney] that he proposes to prove those facts, I will let it go in for the present." There was no motion made later to rule out this evidence; and under former rulings of this court, the above ground of exception will not require a reversal.

2. Objection was made to the admission in evidence of what purported to be a division in kind of the estate of A. W. Callaway, the plaintiff's father, the objection being that there was nothing to show that there was any application for partition of the estate, except what purported to be a return; that the paper offered appeared to be simply a voluntary act on the part of the parties; that if the partition was based upon an agreement, such agreement ought to be offered in evidence, and any transcript from the ordinary's office showing an agreement was not admissible; that if there was any division as claimed, it must be under some agreement of

the parties; that, it being admitted that there was no administration, the only way to divide the property was to sell it or divide it in kind in the manner pointed out by law, etc. It was not error to admit the return of. the freeholders appointed by the ordinary for the purpose of making distribution of the estate of A. W. Callaway, deceased, among the distributees. If there was administration pending on the estate of A. W. Callaway at the time the ordinary ordered a division in kind, he had jurisdiction to so order. Civil Code, § 4057. The recital in the return of the freeholders, "it appearing from the return of the administration [administrator?] that Mrs. K. M. Wiedeman [one of the heirs] has heretofore received the sum of," etc., showed that the return was made during the pendency of administration, and there is a presumption from the recitals in the return that a proper application was made to the ordinary in order to have a division of the property made in kind. See *Caverly* v. *Stovall,* 134 *Ga.* 677 (4) (68 S. E. 442). While the ground of the motion being dealt with discloses that the attorney for the movant, in making his objection to the return, stated that it was admitted that there was no administration, this statement—urged as a reason why the evidence should be rejected —is not to be taken as true. The approval by the trial judge of the grounds of the motion is merely a certificate to the fact that such statement was made by counsel, and not that it was in fact true. An examination of the record does not show that, either in the pleadings or the evidence, any such admission was made by the plaintiff; on the contrary, the testimony of the plaintiff herself would seem to indicate the contrary, as she says the land in dispute was *allotted* to her as her share in the division of her father's estate, which statement is appropriate to denominate a share received in the course of administration of the estate. The ruling on the admission of the evidence having been in favor of the opposite party, there is of course no estoppel against her because of a failure to deny the statement that it was admitted that there was no administration on the estate.

3. Objection was made to the admission of certain testimony of the plaintiff with reference to her title deeds, and as to what Ezzard, the agent of the plaintiff and alleged predecessor in title of the defendant, had said to the plaintiff as to a disclaimer of title by him. The evidence tended to show that Willis Clary, adminis-

trator of Joseph L. Robinson, conveyed the lot in controversy to Thomas W. Ezzard in 1877, and that Ezzard made a deed to F. W. Crandall and others, conveying the lot in dispute, on November 20, 1900. All the evidence objected to related to what Ezzard said to Mrs. Flemister, the plaintiff. E. J. Flemister, the husband of the plaintiff, testified that he and his wife turned over all the papers to Ezzard, and that Ezzard paid taxes on the land and had the title put in his own name; but the plaintiff testified that Ezzard was her agent. We think the testimony was competent. The title to the land was claimed by Ezzard during the years he made the disclaimer to the plaintiff.

4. Error is assigned because the court permitted a question to be propounded by counsel for the plaintiff, and the plaintiff to answer it, as follows: Q. "Describe the title papers to lot 171, 27th district and 2d section, under which you hold and claim title; and where are they?" A. "Original grant for the State of Georgia to L. N. Callaway, first day of June, 1832, and recorded in Book C, Cherokee L. C. R. L. P. 270; said grant is dated May the 20th, 1846. Deed from L. N. Callaway to A. W. Callaway, dated Jan. 7th, 1847, to lot described in sixth direct interrogatory. In the division of my father's estate the lot sued for and described in direct interrogatory No. 6 was allotted to me, and title to same has been in me ever since; these papers are now before me, but I am sending the original grant and deed from L. N. Callaway to A. W. Callaway to my attorneys, Hendricks and Hendricks." We think this evidence was admissible, and that the plaintiff could thus identify her title papers and connect them with the land in dispute.

5. On the trial of the case the court permitted counsel for the plaintiff to prove by C. N. King, a witness for the defendant, the following on cross-examination: "I recollect the prosecution and conviction of Thomas W. Ezzard for the forgery of a deed from Mrs. Laura Dick, J. R. Bryant, and Mrs. Alma Dick Johnson, heirs of Thomas F. Dick, which conviction was had in Fulton superior court and conviction obtained on April 23d, 1910. I was not an attorney in that case. I did testify as a witness in the case against Ezzard, and not only him but two or three others in the bill." The objection urged against this testimony was, that, Ezzard not being a witness in that case, and no attack being made on any paper that he executed, the evidence was irrelevant to the issue on trial. As

we are holding that the verdict was properly directed, the admission of this testimony will not cause a reversal, regardless of its irrelevancy.

6. Error is assigned because the court excluded a certified copy of a deed purporting to have been executed in Baldwin county on June 10, 1846, from L. N. Callaway to Joseph L. Robinson, conveying the lot of land in dispute, the deed being recorded in the clerk's office on November 26, 1900. It was insisted that the admission of this deed would have shown the title out of the plaintiff's chain of title into the defendant, Alaculsey Lumber Company. Under the preliminary evidence adduced, the court did not err in excluding this certified copy. There was no proof that any inquiry was made of the heirs or administrator of Robinson as to the loss of the original deed. No proper foundation having been laid for the secondary evidence, it was properly excluded. Civil Code (1910), § 4212.

7. Under the evidence the court did not err in directing a verdict for the plaintiff. None of the other assignments of error show cause for a reversal.

*Judgment affirmed. All the Justices concur.*