### 9904.   MATHEWSON *et al v.* BRIGMAN MOTORS CO.

1. "In a possessory-warrant proceeding there is no question as to the title or as to the right of possession of the property in controversy; the sole question is as to the manner in which the possession was acquired by the defendant." *Oaks* v. *Singer Sewing Machine Co.,* 17 *Ga. App.* 517 (87 S. E. 719) ; *Trotti* v. *Wyly,* 77 *Ga.* 684.

2. Where one sells property to be paid for in installments, and in a written contract retains title to the property until payment of the purchase-money and it is stipulated therein that if any of the installments are not paid, the vendor "shall have the right to take possession of said property without any legal process, and all payments made up to the time of default shall be applied as rental for said property and depreciation in value," the contract is one of conditional sale and not of lease (*Rhodes Furniture Co.* v. *Jenkins,* 2 *Ga. App.* 475, 478, 58 S. E. 897, and cit.) ; but where the vendee defaults as to some of the payments, the vendor, as between himself and the vendee, nevertheless has the right, under the contract, so far as mere possession of the property is concerned, to remove it without any legal process: *Wilmerding* v. *Rhodes-Haverty Furniture Co.,* 122 *Ga.* 312 (50 S. E. 100). Where, however, a third person, in good faith and without notice of such conditional-sale contract, has acquired the property from the vendee, and is in possesion of it in a quiet, peaceable, and lawful manner, and such possession is taken from him by the vendor, without any legal process and without his consent and against his will, he is entitled to a judgment in his favor in a possessory-warrant proceeding instituted by him against the vendor, since the scope of such a proceeding is limited as indicated above (paragraph 1).  See Civil Code (1910), § 5371; *Marchman* v. *Todd,* 15 *Ga.* 25; *Broadhurst* v. *Carswell,* 119 *Ga.* 529 (46 S. E. 658) ; *Copeland* v. *Lucas,* 6 *Ga. App.* 6 (64 S. E. 113) ; *Oaks* v. *Singer Sewing Machine Co.,* supra.

(*a*) The judge of the municipal court was authorized, under the facts of this case, to find that the plaintiff acquired possession of the property in dispute in good faith, and without notice of the conditional-sale contract existing between Mathewson & Lane, defendants and vendors, and J. W. Bowen, vendee, and was in the quiet, peaceable, and legally-acquired possession of the property at and before the time possession thereof was taken by defendants without legal process and without plaintiff's consent.

3. The assignments of error not disposed of by the foregoing rulings are without substantial merit.

   *Judgment affirmed.   Wade, C. J., and Luke, J., concur.*

Decided January 16, 1919.   Rehearing denied January 28, 1919.

Certiorari ; from Fulton superior court—Judge Pendleton.   June 4, 1918.

A possessory warrant for a certain motor-truck was sued out by Brigman Motors Company against Mathewson and Lane, and on the trial of the case in the municipal court of Atlanta possession

was awarded to the plaintiff. Certiorari was sued out by the defendants, the superior court overruled the certiorari, and they excepted.

*Robert C. & Philip H. Alston,* for plaintiffs in error.

*Westmoreland, Anderson & Smith,* contra.

### ON MOTION FOR REHEARING.

JENKINS, J. The defendant in error in this case was the lessee in possession under the vendee when the motor truck was seized without legal process by the original vendors. In the contract of lease by which the defendant in error had gone into possession of the truck, mention was made in general terms of certain remaining unpaid purchase-money notes, maturing monthly, due by the vendee to his vendors, and it was agreed as between the lessee and the lessor, the vendee, that out of any future rental profits derived from the use of the truck these notes should be satisfied before any portion of such profits should be applied upon a pre-existing debt owing by the vendee to the lessee. It is urged by counsel for plaintiffs in error, the original vendors, that the lessee at that time, and because of such reference, must necessarily have been charged with legal notice, or put upon sufficient inquiry, as to what constituted the terms, stipulations, and conditions of the original sale. It is not contended by plaintiffs in error that the lessee, at the time of taking possession of the truck, had any other or different notice of these terms than such as might in this way be implied. The lease contract itself in no way refers to the terms, conditions, and reservations of the original sale; and while the lease makes general reference to the outstanding purchase-money notes as indicated, even the notes themselves in no way purport to state such terms. It is only in still another and different instrument, referred to not by the lease but only by the notes, that the terms and conditions of sale are actually set forth.

It is the general rule that where instruments are executed at the same time, for the same purpose, and in the course of the same transaction, they are to be read and construed together. And where a note recites that it is given in pursuance of a specified contract, the recital is sufficient to charge even a purchaser of the note with knowledge of the contract to which reference is made. *Turner Lumber Co.* v. *Henderson Co.,* 20 *Ga. App.* 682 (2), 688 (93 S. E. 301); *Glover* v. *Wesley,* 20 *Ga. App.* 814 (93 S. E. 513).

Thus, were it here a question between the original vendors and the vendee, or between the maker of the notes and a purchaser thereof, as to what constituted the consideration and purport of that obligation, it would manifestly be true that the reference made in the notes to the contemporaneous agreement would be sufficient to require that it together with the notes themselves be considered as one instrument, and that they be construed together. But the issue here involved is not one of construction as to what constituted the terms and conditions of the sale as between the original parties to the sale, or as to a party made by the purchase of the notes given under the sale, but the sole issue here presented is one of notice to a third party holding possession under an independent lease. The lessee of the truck was neither party nor privy to the original contract of purchase and sale, and never became such. So far as we are able to say from the record, the lessee had a right to believe that the notes referred to by the lease, and which the lessee had never seen, were ordinary, plain purchase-money notes, without reservation, restriction, special rights, or conditions therein contained. There was no sort of effort to effect a substitution of parties as to the original contract of sale. Even so far as the lessor himself was concerned, the lessee did not undertake to assume that contract or become bound in regard to its terms and obligations. All that the lessee did was merely to agree with the lessor that the first rental profits derived from the use of the leased truck should be held back for the benefit of the lessor, in an amount sufficient to satisfy the maturing obligations of the lessor. It would not seem that merely because the lessee had entered into such a limited and independent agreement with the vendee, and with him alone, the lessee should be charged with notice, on behalf of the original vendors, of the terms, stipulations, and conditions relative to the original sale, though in nowise stated or referred to in the lease, nor even set forth in the notes to which general reference was made by the lease, and where the reference to the notes by the lease was only for a purpose restricted by the agreement. The lease in nowise attempted, by reference or otherwise, nor for its own purpose was it in any way necessary, to engraft within itself the independent terms and conditions imposed by the provisions of the anterior sale, to which the lessee was neither party nor privy; and we can not say as a matter of law that simply because the lessee

had thus agreed with the vendee to hold back for his benefit certain profits as indicated, diligence required of the lessee not only to run down the terms of the notes referred to, but also the terms of the separate and independent instrument to which reference was made by the notes, in order to ascertain, if perchance, the vendors in the contract made with another party had seen proper to reserve the extraordinary right, on default of any payment, to seize and possess the property without process at law.

The other cases cited by the movant pertain to the right of possession, and this question, as already stated, is not here involved.

*Rehearing denied.*