### 23016.  WALKER *v.* AYERS.

SUTTON, J.  1. Where the vendor of personal property by a conditional bill of sale, in which title is retained until it is paid for in full, wrongfully deprives the vendee of possession, the vendor is guilty of conversion, and the vendee may maintain an action in trover against the vendor. *White* v. *Dotson*, 41 *Ga. App.* 436 (153 S. E. 233); *Roper Wholesale Grocery Co.* v. *Faver*, 8 *Ga. App.* 178 (68 S. E. 883).

2. Where one sells property to be paid for in installments, the title thereto being retained until the purchase-price is paid, and it is stipulated in the conditional-sale contract that if any of the installments are not paid when due, the vendor "may without notice or demand and without legal process enter into premises and take possession of said chattel," the vendor, as between himself and the vendee, has the right to retake the property without any legal process. *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, 122 *Ga.* 312 (50 S. E. 100); *Mathewson* v. *Brigman Motors Co.*, 23 *Ga. App.* 304 (2) (98 S. E. 98). However, the vendor can not take advantage of the default of the vendee and take possession of the property under the contract where the default of the vendee is caused directly or primarily by the default of the vendor. 55 C. J. 1294; Estrich on Installment Sales, 620.

3. Where a radio is purchased under a conditional-sale agreement, whereby the title remains in the seller until the purchase-money is paid in full, and the radio turns out to be a defective one, continually out of repair, and the buyer has paid as much as the radio is worth in its defective condition, and refuses to pay anything further thereon until the radio is repaired and put in a condition fit for the uses intended, the seller can not take advantage of the fact that the buyer is in default in the payment of the purchase-money and retake the radio. Especially is this true where the radio has been taken from the home of the buyer by a repairman for the purpose of repairing it at the instance of the seller, and after it is repaired the seller wrongfully takes possession of it without allowing it to be returned to the buyer. Under such circumstances, where the property is thus wrongfully retaken by the seller, the buyer may maintain an action in trover against the seller to recover possession of the radio, and upon proof of such facts a verdict

114

finding in her favor would be authorized. *Guilford* v. *McKinley*, 61 *Ga.* 230; *Painter* v. *McGaha*, 6 *Ga. App.* 54 (64 S. E. 129); *City of Jeffersonville* v. *Cotton States Belting Co.*, 30 *Ga. App.* 470 (2) (118 S. E. 442).

4. Applying the principles above laid down, no error of law requiring the grant of a new trial appearing, the court properly overruled the motion for new trial.

*Judgment affirmed. Jenkins, P. J., and Stephens, J., concur.*

DECIDED MAY 29, 1933.

*E. S. & James L. Griffith,* for plaintiff in error.
*Price Edwards,* contra.