25891. HAGAN *v.* FLEXLUME SOUTHERN INCORPORATED.

STEPHENS, P. J. 1. Where an electric sign has been sold to the owner of premises and erected on the premises, and it is agreed between the parties that title to the property shall remain in the seller until the purchase-price has been fully paid, and that the seller, upon the purchaser's default in payments in accordance with the contract, may, without notice or demand and without legal process, enter upon the premises and take possession of the sign, the seller, in entering upon the premises and removing the sign from the premises and repossessing it in the

absence of the owner and without any objection from the owner until after the sign has been removed from the premises, after default by the purchaser in the payment of the purchase-price and after notice by the seller of the seller's intention to enter upon the premises and repossess the sign, is not guilty of trespass. *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, 122 *Ga.* 312 (50 S. E. 100); *Mathewson* v. *Brigman Motors Co.*, 23 *Ga. App.* 304 (2) (98 S. E. 98); *Taylor Iron Works & Supply Co.* v. *Everett*, 40 *Ga. App.* 683 (150 S. E. 855); *Jones* v. *Williams*, 40 *Ga. App.* 819 (151 S. E. 695); *Walker* v. *Ayers*, 47 *Ga. App.* 113 (2) (169 S. E. 784).

2. On the trial of a suit by the owner of the premises against the seller, to recover damages for alleged trespass by the defendant in entering upon the plaintiff's premises, where the facts indicated above appeared from undisputed evidence, the court did not err in directing the verdict for the defendant. *Judgment affirmed. Sutton and Felton JJ., concur.*

DECIDED MARCH 3, 1937.

*W. L. Bryan,* for plaintiff.
*Robert P. McLarty, Stephens Crockett,* for defendant.

