32003.   ELLIS *v.* GISI.

Decided May 6, 1948.

*G. H. Williams, J. Roy Rowland, E. L. Rowland,* for plaintiff in error.

*Nelson & Nelson, Powell, Goldstein, Frazer & Murphy, James K. Rankin,* contra.

TOWNSEND, J. (After stating the foregoing facts.) ■ Counsel for the defendant rely upon Rule 7 of the Rules of Practice and Procedure for Appeal or Review, as authority for their right to have the bill of exceptions dismissed. It is a part of the new court rules, as adopted and prescribed by the Supreme Court, January 12, 1946, pursuant to the act approved February 16, 1945 (Ga. L. 1945, p. 145 et seq.), and enacted by the General Assembly by resolution, approved February 1, 1946, (Ga. L. 1946, p. 761 et seq.) which became effective January 1, 1947. It is unofficially codified in the 1947 Cumulative Pocket Part of the Code as § 6-908.1, and provides as follows: "In cases

where the defendant in error named in a bill of exceptions is represented by an attorney at law or appears in propria persona, the judge, before certifying the bill of exceptions, shall require reasonable notice to such attorney or such party and afford him an opportunity to be heard on the question of whether or not the bill of exceptions as tendered is correct and complete. If an attorney of record for a defendant in error, or such party, in writing waives this privilege or in writing approves the bill of exceptions as correct and complete as to the averments of fact therein this requirement shall be deemed waived. Such waiver shall be attached to the bill of exceptions as an exhibit thereto."

The language of this rule clearly indicates the legislative intent that its provisions be mandatory. It is therefore the duty of trial judges to comply with its provisions. However, the next succeeding section of the same supplement, being Rule 12 of the Rules of Practice and Procedure for Repeal or Review, also a part of the "New Rules," and unofficially codified as § 6-909 of the 1947 Cumulative Pocket Part of the Code, after making certain mandatory provisions as to notice to be ordered by the trial judge, concludes as follows: "The action or nonaction of the trial judge as to requiring notice under this section and section 6-908-1, shall not be reviewable."

It follows that, although it is the duty of the trial judge to comply with the provisions of these sections as to notice, if he inadvertently fails to do so, as obviously is the case here, or if he attempts to comply but falls short of the mark, his action respecting the same is not reviewable. The legislative reasoning back of this nonreviewable provision doubtless was that since in the final analysis it is for the trial judge to determine what the bill of exceptions which he approves shall contain or not contain, a review of his action respecting the premises might tend to curb this prerogative and cause confusion.

The sustaining by this court of the motion to dismiss the bill of exceptions, could be construed in no way other than a review of the trial court respecting the provisions of Code (Ann Supp.), §§ 6-908.1 and 6-909, requiring notice. The motion to dismiss the bill of exceptions is denied.

■ The defendant claimed the right to the possession of the automobile in question as manager of the corporation which is

the holder of a promissory note for the purchase-price of the automobile, the payment of which is secured by a retention-of-title-contract. This instrument contains an acceleration clause as follows: "It is agreed further by undersigned that in case of default in payment of any installment, for three days after maturity, or in case of violation of any other term of said contract, that vendor or assigns, at its option, may, either with or without legal proceedings, *retake possession* of said property, with the further right to enter any premises occupied by me to either locate said property, or *retake possession* thereof, in which case payments made are to be retained as liquidated damages occasioned by use and depreciation of said car."

The defendant went to Dublin, the home of the plaintiff, and looked for her. Upon failing to locate her, he found the car in question parked on a Dublin street and took possession of it. The evidence demands the finding that at the time he did this, the plaintiff was more than 3 months in default (the period of time stipulated in the contract which would authorize the defendant to invoke the acceleration clause was 3 days) the whole note had been declared due and payable, and payment of the entire balance had been demanded.

The question for decision is whether or not the defendant had the right to retake possession of the automobile under these conditions. If he had the right to retake it, he had the right to retain it, and, therefore, the subsequent altercation between the parties at a Dublin garage some two hours later, on which occasion the plaintiff tried to retake it from the defendant is immaterial.

Section 82-101 of the Code provides that a possessory warrant lies when the property in question has been taken possession of by the party complained against, under some pretended claim and without lawful warrant or authority.

In *Trotti* v. *Wyly*, 77 *Ga.* 684, the following is held: "A proceeding by possessory warrant is summary and harsh and in derogation of common law, and the statute authorizing it should be strictly construed and closely followed."

Construing the statute authorizing possessory-warrant proceedings strictly as required, if the claim under which the defendant took the property was genuine and not pretended, if the

taking was *with* lawful warrant and authority, a possessory warrant will not lie.

In *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, supra, the following is held: "Where a vendor sells certain personal property to be paid for in instalments by the vendee, and enters into a written contract with the vendee, retaining the title to the property, with a stipulation in the contract that if any of the instalments are not paid the vendor 'shall have the right to take possession of the property without any legal process, and all payments made up to the time of default shall be applied as rent for said property and depreciation in value,' and the vendee defaults as to some of the payments and dies, the vendor is not guilty of a trespass if he seizes and removes the property while in the hands of the administrator of the vendee." See also *Owens* v. *Outlaw*, 105 *Ga.* 477 (supra) ; *Brown* v. *Todd*, 124 *Ga.* 939 (supra) ; *Mathewson* v. *Brigman Motors Co.*, 23 *Ga. App.* 304 (2) (supra) ; *Taylor Iron Works & Supply Co.* v. *Everett*, 40 *Ga. App.* 683 (supra) ; *Walker* v. *Ayers*, 47 *Ga. App.* 113 (2) (supra).

The wording of the conditional-sales contract in the instant case is very similar to that herein quoted from the *Wilmerding* case, supra, and several of the other cases herein cited. It follows that the defendant had the right to retake the property in the manner in which he did in the instant case. Hence his claim was genuine; it was not a pretended one; the taking was *with* lawful warrant, and under these conditions a possessory-warrant proceeding will not lie to restore the property to the plaintiff.

The judgment of the trial court sustaining the certiorari and reversing the judgment of the justice court is without error.

*Judgment affirmed.*   *MacIntyre, P.J., and Gardner, J., concur.*