34294. DANIEL, executor, *v.* DANIEL *et al.*

DECIDED DECEMBER 5, 1952.

*J. T. Sisk*, for plaintiff in error.

*Stapleton & Williford*, contra.

FELTON, J. 1. Ground one of the amended motion for new trial complains that the court erred while charging the jury in stating that the court of ordinary, after a hearing on the issues formed by the caveat to the appraiser's return, approved the report and return and findings of the appraisers and ordered

that the return be made the judgment of the court. It is contended that such charge prejudiced the plaintiff in error because it unduly stressed the findings and judgment of the court of ordinary and deprived the plaintiff in error of a de novo investigation on appeal to the superior court. The ground is without merit. The court was merely informing the jury of the history of the case before them. *Baucum* v. *Harper,* 176 *Ga.* 296 (6) (168 S. E. 27).

2. The second ground of the amended motion complains that the court erred in withdrawing from the jury's consideration the issue of fraud, one of the grounds of the caveat. Such ground was: "That the amount set aside as a year's support is so grossly excessive as to amount to a fraud upon the estate of M. F. Daniel and the valuations placed upon the properties set aside in said return are so grossly below the value of said properties as to amount to a fraud upon the estate of M. F. Daniel, the legatees named in his will and his heirs at law as well as any creditors who may exist." It is argued in support of this contention that the evidence was sufficient to show collusion on the part of the appraisers amounting to a fraud. Suffice it to say, without going into the evidence, that the evidence did not present an issue of fraud, and the court did not err in withdrawing such issue from the jury's consideration.

3. Ground three of the amended motion complains that the court erred, while charging on the credibility of witnesses and the determination as to where the preponderance of the evidence lies, in charging: "Now, in determining where the preponderance of the evidence lies and in passing upon the credibility of the witnesses . . you may take into consideration all of the facts and circumstances of the case as they have transpired here in your presence as you have observed them . . in determining where the preponderance of the evidence lies I charge you that you may take into consideration the greater number of witnesses, but I hasten to charge you also that the preponderance of the evidence does not necessarily lie with the greater number of witnesses." It is contended that the portion of the above-quoted charge, *"but I hasten to charge you also* that the preponderance of the evidence does not necessarily lie with the greater number of witnesses"* (emphasis supplied), unduly and

illegally restricted and limited the rule of law governing and applicable to the rule of consideration of the greater number of witnesses in determining the preponderance of the evidence. We think that the charge was error and harmful to the plaintiff in error. It was error because it might have intimated to the jury that the judge did not believe that the preponderance was with the side presenting the greater number of witnesses because he *hastened* to tell them that the preponderance does not necessarily lie with the greater number of witnesses. It was harmful because the plaintiff in error presented the greater number of witnesses and because the witnesses concerned were testifying to a material issue in the case, that of whether the return was excessive because of the valuation placed on the property by the appraisers; and inasmuch as such testimony was on a material issue, the case of *George* v. *McCurdy*, 42 *Ga. App.* 614 (157 S. E. 219), relied on by the defendants in error, is not applicable.

4. Ground four of the amended motion complains that the court erred in charging the jury that they could approve, set aside, or modify the return of the appraisers because the charge unduly and illegally restricted the jury to a consideration of the sustaining or setting aside of the return, when, under the law, the appeal being a de novo investigation, it became the duty of the jury to make an entirely independent verdict setting aside a proper year's support irrespective of any findings or returns of the appraisers. The charge complained of did not restrict the jury to approve the return in toto or to set it aside in toto. The court charged: "But should you conclude, after considering the evidence in this case and the law I have given you in charge, that the objections, either one of them, or both, are good, then it would be your duty to modify the return of the appraisers in such manner and form as would reveal to the court what your findings are and would at the same time award to the widow and minor child a sufficiency of the estate of the deceased for a year's support under the law I have given you. And I say again, now, gentlemen, you may modify it; you may give her a lump sum of money; you may give her all realty; you may give her some realty and some money, but you will specify what in your verdict you give her." The charge on the whole

on this subject instructed the jury that they could either find for the return, or modify the return, or make a new and complete finding without regard to the return. The charge was not error. See *Casey* v. *Casey*, 151 *Ga.* 169 (106 S. E. 119) and *Calhoun National Bank* v. *Slagle*, 53 *Ga. App.* 553, 556 (186 S. E. 445).

5. Ground five of the amended motion complains that the court erred in allowing, over objection, a certain question to be asked and answered. The ground set out the question objected to, but did not set out the answer in response thereto. "The ninth, tenth, and eleventh grounds of the motion for new trial complain that the judge, over stated objections, allowed the witness to answer stated questions, without setting forth the answers made by the witness. These grounds are insufficient to present any question for decision." *Woodward* v. *Fuller*, 145 *Ga.* 252 (8) (88 S. E. 974).

6. Ground six of the amended motion complains that the court erred in admitting certain testimony over objection, and states: "Counsel for the caveator moved to rule out all of the foregoing testimony as being hearsay testimony and not admissible. The court asked the question, 'Is Dr. Bowie a party to the case?' Counsel for the applicant replied, 'Yes, sir.' The court did not rule on the question and permitted the following questions to be then and there submitted and answered. . ." The ground is without merit. *Southern Railway Co.* v. *Farmers Union Warehouse Co.*, 146 *Ga.* 141 (1a) (90 S. E. 860).

7. Grounds seven and eight of the amended motion complain that the court erred in admitting certain testimony pertaining to the education by the decedent of his adult son, the plaintiff in error, and to certain advances made by the decedent to the plaintiff in error. It is argued in support of such grounds that the testimony as to the education was too remote, in that it pertained to the education of the plaintiff in error during the years 1912 to 1916, and that the testimony as to the advances was also too remote because they were made many years before the decedent's death. The grounds are meritorious. While in the case of *Cheney* v. *Cheney*, 73 *Ga.* 66, relied on by the defendants in error, the court did say, "In order to show the circumstances and standing of the decedent's family, and to regulate

the amount and character of the year's support which should be found . . to show the amount of the outlay made by the decedent in the maintenance and education of his adult children, the gifts made to them upon attaining their majority, and the advances made to some of them, for which they were not required to account," the purpose for which the evidence in that case was sought to be admitted and the purpose for which the court said it was admissible was "to show the circumstances and standing of the decedent's family, and to regulate the amount and character of the year's support which should be found" for them. We think that expenditures made by the decedent for the education of and advances to an adult child made such a long period of time before the death of the decedent are too remote, and are not competent to show the circumstances and standing of the decedent's family, and too remote to be used to regulate the amount and character of the year's support granted.

8. Ground nine of the amended motion complains that the court erred in admitting over objection the following testimony of Bernard Daniel, the minor son: "Q. I want to ask you if it is true or not that you want to go to a pharmacist's school? A. I do." The objection was as follows: "I object to him going into that unless there is a preliminary showing that he is qualified to enter a pharmaceutical school." The ground is without merit. Whether the minor son is not qualified to receive the type of education sought for him by the petitioner is a matter of defense on the caveator's part.

9. Ground ten of the amended motion complains that the court erred in admitting certain testimony over objection. The testimony objected to was as follows: "In 1949, my daddy told me at his death what he would leave for us because he had already given Dr. Daniel a home in Anderson and helped him and given him an education and helped him through and he knew that he didn't have enough then to help give us an education and he said that he didn't have enough to give us enough like he had given him. That was at the time I was trying to get him to help me to take music lessons." In view of what we said in division seven above, this testimony was not harmful but was actually beneficial to the plaintiff in error's case because it tended to show that the decedent was not able at and

near the time of his death to give his other children the educational and other advantages that he had given the plaintiff in error.

10. Ground eleven of the motion complains that the court erred in not permitting the decedent's will to be introduced in evidence. The will had no bearing on the case. In the absence of a showing that the will contained a provision for the applicant in lieu of a year's support or scheme of disposition inconsistent with a year's support, the court did not err in refusing to admit the will in evidence.

11. Ground twelve of the amended motion complains that the court admitted over objection certain testimony. In response to the objection, the court replied, "I will allow it for the present, but I don't see the relevancy of it now." The testimony was conditionally admitted and, in the absence of a later request by the objecting counsel to exclude the testimony, the admission was not error. *Bacon* v. *Bacon*, 161 *Ga.* 978 (1) (133 S. E. 512); *Alaculsey Lumber Co.* v. *Flemister*, 146 *Ga.* 310 (1) (91 S. E. 104).

12. Under the ruling in division seven above, the court will not likely, in a new trial, charge the jury as complained of in ground thirteen of the amended motion, and we deem it unnecessary to rule on this ground.

13. Grounds fourteen, fifteen, and sixteen complain that the court erred in giving certain charges. The instructions complained of were substantially the same as the following charge: "Now, in this instance, gentlemen, the appraisers saw fit to set aside realty and cash. Now, in setting aside the realty they do place a valuation thereon. Now, I want to say once again that in placing a valuation on the realty that that within itself, should you believe that their valuation is not in accord with the actual market value of that property, that is, less than the amount, that within itself would not justify you in setting aside this return, because it was not mandatory upon them in the first instance to place any value on the realty; if they wanted to set aside realty and money, they had a right to do it without placing any valuation whatsoever on it. Now, the mere fact that they did and you disagree with them will not in itself justify you in setting it aside, but you will determine in this case

whether or not, that is, what the value of the realty that was set aside plus the $600 in money which has a value of $600, you will determine whether or not, as the objector contends in this case and the burden is on him to establish it, is an excessive amount for a year's support for this widow and her minor child." There was no error in the charges complained of.

The general grounds of the amended motion are not ruled on.

For the reasons stated in divisions three and seven, the court erred in overruling the amended motion for a new trial.

*Judgment reversed. Sutton, C.J., and Worrill, J., concur.*