34480. JONES *v.* UNIVERSAL C. I. T. CREDIT
CORPORATION.

DECIDED APRIL 11, 1953.

*Robert B. Blackburn,* for plaintiff in error.
*Woodruff, Smith & Dorsey,* contra.

FELTON, J. ▇ The plaintiff in error contends that the court erred in overruling his demurrer to the plaintiff's amendment to its petition, and his renewed demurrer to the amended petition. The original petition alleged in substance that the defendant is indebted to the plaintiff in the sum of $333.60, that being the balance due on a conditional-sale contract made by the defendant to Edmunds Motor Company, which was duly assigned by Edmunds to the plaintiff. Demand for payment and refusal are alleged. A copy of the conditional-sale contract is attached as an exhibit. The defendant's general demurrer was sustained, and the plaintiff was given leave to amend. The plaintiff amended by alleging facts showing that the assignment was in writing; the amount of monthly payments, their duration, and the date the first instalment became due as provided by the contract; demands for payment; refusal to pay; repossession under the terms of the contract; resale; amount of resale; reasonable market value at the time of resale; credit of the amount

realized at the resale to total indebtedness; and the amount of indebtedness after such credit was applied. The defendant demurred to this amendment on the grounds that its allegations are not germane to any issue raised by the plaintiff in the original petition, and do not meet the grounds of the original demurrer, and renewed his general demurrer to the petition as amended.

The court did not err in overruling the demurrers. The allegations of the amendment are merely elaborations of the facts alleged in the original petition and do not alter or change the cause of action alleged in such petition. The amended petition alleges the contract and terms thereof, a valid transfer in writing, a default, a repossession and resale under the contract, and a deficiency, and thus states a good cause of action as against a renewed general demurrer. *Ellis* v. *Gisi*, 77 *Ga. App.* 56 (2) (47 S. E. 2d, 825).

■ Code (Ann. Supp.) § 85-1803 bestows on a debtor under a non-negotiable instrument a right to set up, against an action on the instrument by the assignee thereof, any defense the debtor may have had as against the assignor had the assignor sued on the instrument. Code § 102-106 provides that a person may waive or renounce what the law has established in his favor, when he does not thereby injure others or affect the public interest. The conditional-sale contract between Edmunds Motor Company and the defendant contains the following provisions: "Title to the car is retained by the holder hereof (meaning Seller, or Universal C. I. T. Credit Corporation [hereinafter called 'Universal C. I. T.'] if this contract is assigned to it), until said balance is fully paid in money. . . Customer agrees: . . to settle all claims against Seller directly with Seller and not to set up any such claims in an action brought by Universal C. I. T." By contract the defendant expressly waived the right, which the law established in his favor by virtue of Code (Ann. Supp.) § 85-1803, to set up the defense of failure of consideration in an action on the contract by Universal C. I. T., the assignee. For authority that defenses to actions may be waived, see *Colson & Sons* v. *Ellis*, 40 *Ga. App.* 768 (6, 7) (151 S. E. 654); *Biggers* v. *Equitable Mfg. Co.*, 124 *Ga.* 1045 (1) (53 S. E. 674); *Mock* v. *Kemp & Lewis*, 17 *Ga. App.*

448 (1) (87 S. E. 608) ; *Anderson* v. *International Harvester Co.,* 27 *Ga. App.* 533 (109 S. E. 417).

■ The first special ground of the amended motion complains that the court erred in admitting the following testimony: "Q. What you sold [sic] this repossessed Mercury for? A. $600." The objection was that the answer was a conclusion. The objection was without merit. The witness was stating a fact from his own knowledge.

■ The second special ground of the amended motion complains that the court erred in admitting certain testimony. The court allowed the testimony on the following condition: "I will let it in pending your proof and the introduction of the contract. If the contract is not introduced, I will rule it out." The testimony was conditionally admitted, and in the absence of a later request by the objecting counsel to exclude the testimony, the admission was not error. *Bacon* v. *Bacon,* 161 *Ga.* 978 (1) (133 S. E. 512) ; *Alaculsey Lumber Co.* v. *Flemister,* 146 *Ga.* 310 (1) (91 S. E. 104) ; *Daniel* v. *Daniel,* 87 *Ga. App.* 325 (73 S. E. 2d, 591).

■ The third special ground of the amended motion complains that the court erred in admitting in evidence the assigned contract, contending that the assignment was not a valid one. The assignment read: "The foregoing contract is accepted, and hereby assigned to Universal C. I. T. Credit Corporation in accordance with the contents of assignment on reverse side as modified by Paragraph No. — thereof." It was duly signed by an official of Edmunds Motor Company. The assignment was valid. "The form of an assignment of a chose in action is immaterial. It is sufficient if it is in writing and manifests the intention of the owner to transfer to the assignee his title to the chose in action." *Lumpkin* v. *American Surety Co.,* 61 *Ga. App.* 777, 779 (7 S. E. 2d, 687) ; *Southern Mutual Life Ins. Co.* v. *Durden,* 132 *Ga.* 495 (1) (64 S. E. 264). The court did not err in admitting the contract in evidence.

■ Special ground five complains that the court erred in directing a verdict for the plaintiff. It is contended that the court so erred because there was evidence which would have authorized findings that the automobile was repossessed before default, and that the repossession was not peaceful. The con-

tention is without merit. E. A. Gazzaway testified that no payments had ever been made under the contract, and that he repossessed the automobile because it was in a delinquent status. The defendant testified: "I just made the down payment, under this agreement, and never did make a payment after that. Never did make any other. The first payment was due March 12th. I never made any prior to that time." Gazzaway testified that he recalled the occasion of the automobile's being repossessed on or about March 21, 1952; that he personally did not repossess the automobile, but that he knew of its being done. This testimony meant that the witness knew as a fact from his own knowledge that the automobile was repossessed on or about March 21, 1952, where it does not appear in his cross-examination that his knowledge thereof was based on hearsay or other illegal evidence. The defendant neither by cross-examination nor by direct evidence disputed the date of repossession. The evidence demanded a finding that the defendant was in default at the time of the repossession.

The evidence showed that at the time the automobile was repossessed it was disabled and parked in the defendant's yard. The plaintiff towed it away with a wrecker. It was not shown that the plaintiff used force in repossessing the automobile, and no objection was made by the defendant's wife who was present when the repossession took place. The evidence showed that the repossession was peaceful. *Wilmerding* v. *Rhodes-Haverty Furniture Co.*, 122 *Ga.* 312 (50 S. E. 100); *Ellis* v. *Gisi*, supra.

■ The remaining special ground of the amended motion is without merit.

■ The evidence authorized the verdict with the exception noted below. The evidence was undisputed that the balance due under the contract was $927.60; that no payments had been made on such balance; that the automobile was resold for $600, which was its reasonable market value. While the petition alleged a $6 item as towing and storage expense incident to the repossession, no evidence was introduced as to this matter. The evidence authorized a verdict for $327.60, the difference between the balance due on the contract and the resale price of the automobile, but did not authorize a verdict for the $6 for towing and storage.

The court did not err in overruling the demurrers to the amendment and amended petition nor in denying the amended motion for a new trial.

Judgment affirmed on condition that the defendant in error will write off $6 from the judgment before or at the time the judgment of this court is made the judgment of the lower court; otherwise, the judgment on the amended motion for a new trial will stand reversed on the general grounds.

*Sutton, C. J., and Worrill, J., concur.*