## 39864. WHITE v. SELLERS.

FELTON, Chief Judge. 1. A ground of an amended motion for new trial which complains that the court over objection allowed a witness to answer a specific question will not be considered when the answer given by the witness, or the substance thereof, is not set forth in the ground of the motion. *Woodward v. Fuller*, 145 Ga. 252 (8) (88 SE 974) ; *Daniel v. Daniel*, 87 Ga. App. 325 (5) (73 SE2d 591)

2. The court did not err in charging the jury as follows: "Gentlemen, I charge you that it is not necessary in order for the plaintiff to recover that there have been any actual contact between the defendant's automobile and the automobile in which the plaintiff was riding, provided you find that the injuries received by the plaintiff were proximately caused by the negligence of the defendant, or by the combined negligence of the defendant and the negligence of the driver of the automobile in which the plaintiff was riding." The suit was in two counts, one alleging contact between the vehicles involved in the collision and one not so alleging. The charge states a correct principle of law. If plaintiff in error had desired further instructions he should have requested them.

3. One of the specifications of negligence was stricken from the petition on special demurrer because the specification was a duplication of another which was almost identical. Under these circumstances the court's charge was not harmful or misleading in instructing the jury to look to the pleadings for the issues and to find for the plaintiff if any specification of negligence charged against the defendant was the proximate cause of the collision.

4. Ground 7 complains of the following charge: "Gentlemen, applying this principle to this case, I charge you that if you find the defendant was negligent in failing to stop at a stop sign and in entering the highway in front of the automobile occupied by the plaintiff, and if you find this constituted an emergency confronting the plaintiff's husband, then in such emergency plaintiff's husband would not be required to exercise the same amount of care and caution which would be exercised by a person not confronted by such an emergency, but if in the emergency he responded by taking action which a reasonably prudent person would have taken under the same circumstances, he would not be guilty of negligence,

even though it should appear to you that another course of action would have been wiser." The exception is that the excerpt is not a sound and correct statement of the law because it was not a full and complete charge on the doctrine of emergency in that it did not include the further statement that the principle stated would apply only if the peril confronting the plaintiff's husband did not arise from any fault of his own. In the charge immediately preceding the above quoted excerpt the court stated the correct law of emergency. The excerpt excepted to was a requested charge which applied the principle to the plaintiff's contentions in the case. The charge was correct as far as it went and is not objectionable and subject to exception because it does not include other applicable law.

The court did not err in overruling the motion for new trial as amended.

*Judgment affirmed. Eberhardt and Russell, JJ., concur.*

DECIDED FEBRUARY 26, 1963.

*Jones, Sparks, Benton & Cork, Frank C. Jones,* for plaintiff in error.

*Martin, Snow, Grant & Napier, Hallie B. Bell,* contra.