Chandler *vs.* Johnson *et al.*

39  85
87  397

CICERO H. CHANDLER, plaintiff in error, *vs.* MARTHA J. JOHNSON, *et al.*, defendants in error.

1. On the trial of an issue whether a promissory note sued on is illegal, because given for the compounding of a felony it is not necessary that the defendant shall prove that the party charged was actually guilty of the felony; it is sufficient, if there be an act done of which he is charged to be guilty, which is *prima facie* felony.
2. An offence which may, in the discretion of the Court, be punished by confinement in the penitentiary, is so far a felony, that compounding of it is illegal.
3. Although one may legally·take a promissory note as compensation for a personal injury, yet, if the injury was a crime, such as by our law the parties can not settle between themselves, and if there be any attempt, by giving of the note, to suppress a prosecution for the offence, it vitiates the whole agreement, even though the note be for less than the actual damages received.

Assumpsit. Compounding a felony. New trial. Granted by Judge POPE. Fulton Superior Court. October Term, 1868.

On the 29th of September, 1860, James H. Johnson and Martha J. Johnson, as makers, and Jo. S. Smith, and James E. Williams, as securities, made and delivered to John H. Lovejoy their joint and several promissory note, whereby they promised to pay him or bearer $610, on or before the first day of the next January. Lovejoy endorsed the note, and delivered it to Chandler. James H. Johnson died. Chandler sued said makers, securities, and the endorser, on the note.

Lovejoy did not defend. The other parties plead that said note was void, because it was given and received to settle and compromise the offence of stabbing, the same being

a felony, committed by said James H. Johnson on said Lovejoy, on the 4th of July, 1860, in said county; that Lovejoy threatened to prosecute said Johnson for said offence, and agreed not to prosecute if said note was given, and said note was given and accepted to prevent said prosecution, and said prosecution was, in fact, thereby hindered and prevented. They further plead that said plaintiff took said note, with notice of said facts, and was not a *bona fide* holder for value, but had really brought this suit for the benefit of Lovejoy.

The evidence, on the trial, was as follows:

GEORGE W. ADAIR testified, that he wrote the note, that Lovejoy and said James H. Johnson were near relatives, and Johnson once clerked for Lovejoy, and they had a dispute as to Johnson's salary, and Johnson quit or was dismissed by Lovejoy; that, on the 4th of July, 1860, Lovejoy and James H. Johnson had a difficulty, in which Lovejoy was stabbed in the arm pretty severely. He said that he did not remember that any legal proceedings were had against Johnson for said offence, but that it was talked of, and said Smith, who was related to Johnson and Lovejoy, requested witness to get the affair settled. Adair saw Lovejoy for that purpose. Lovejoy said that he was greatly damaged by the stabbing, by loss of time from his business, by physicians' bills, etc., and said to Adair that, if he settled, he must have compensation to the extent of that damage, but he claimed no more. Finally Lovejoy agreed to take a note for $610 00, in addition to the balance of salary claimed by Johnson from Lovejoy, and "let the matter drop." Adair understood it to be a part of the contract that Lovejoy should never prosecute Johnson for the stabbing, yet, no additional sum was put into the note on that account. The amount of the note was fixed upon the basis of a calculation made by Lovejoy and Adair of Lovejoy's actual damages. Lovejoy promised not to prosecute, and Adair understood that to be one of the terms of the contract. In reply, the plaintiff examined Lovejoy, who testified that this note resulted from said negotiations between him and Adair; that it was given and accepted solely as compensation for damages, and not to prevent or stop a

prosecution; that though he promised not to prosecute, yet that was no part of the contract; that he made the promise because Johnson was his kinsman, and he did not wish to prosecute him; that, at the time of the settlement, he had neither begun nor threatened to begin such legal proceedings, nor has he since done so.

He further testified that his damages, in loss of time, physicians' bills, etc., amounted to even more than the $610 00 added to Johnson's claim, and that an account of the same, item by item, was used by him and Adair as the basis of settlement; that he thought, at the time, and yet, that Johnson was in the wrong when he stabbed witness; that this stabbing caused said damage for which the note was given; the whole agreement was made with Adair, and his promise not to prosecute was neither demanded nor granted as one of the terms of the contract.

After argument had, the Court, (Judge Collier then presiding,) charged the jury as appears in the motion for new trial. The verdict was for the plaintiff for the principal and interest due on said note, and costs of suit. Defendant's attorney moved for a new trial upon the following grounds:

1st. Because the Court erred in charging the jury that there must be proof that a felony was actually committed before the note sued upon could be deemed illegal on the ground of having been given in whole or in part to compound a felony, and that the jury must determine from the evidence whether a felony had, in fact, been committed or not.

2nd. Because the Court, after charging the jury that if a felony was committed, and if the consideration of the note was even, in part, the compounding of such felony, the note was, to that extent, void, and unless the legal could be separated from the illegal part, then the whole was void, erred in not further charging the jury, upon being requested so to do by defendant's attorneys, that, to make the compounding of the felony a part of such consideration, it was not necessary that the amount of the note should have exceeded or even equaled the damages which Lovejoy, the payee of the note, had, according to the computation of the parties, sus-

tained by reason of the stabbing; but that the giving and accepting of the note on the expressed condition of Lovejoy's not prosecuting for the stabbing, and if it would not have been given without such condition, although the amount might have been less than the damage aforesaid, would, if done, make the compounding of felony a part of the consideration.

3rd. Because the verdict was contrary to the evidence, and strongly and decidedly against the weight of the evidence.

Judge Pope, before whom this motion came for a hearing, granted a new trial, and this is assigned as error.

HAMMOND & MYNATT, for plaintiff in error, said it was necessary to prove actual commission of a felony; 3 Bl. Com., 367. The contract was severable; Irwin's Code, secs. 2707, 2999. A charge, not based on the facts, is illegal, 12 Ga. R., 323. As to compounding felony, see 5 Ga. R., 409; 4 Bl. Com. 133; Bouv. L. Dic., 257; Irwin's Code, secs. 4483, 4227. If the Court erred, yet the verdict was right, 4 Leigh., 635; 6 Ga. R.; 324, 10 Ga. R., 429; 11 Ga. R., 203.

L. E. BLECKLEY, for defendant in error, said a note given to compound a felony was void, Irwin's Code, secs. 4423, 2707–8. Even if that was part of the consideration, Code, sec., 2703; 1 Poe on Con., 456–7–8. No difference that amount of note was fixed by estimating actual damages only, Brown vs. Padgett, 37 Ga. R., 609; Code, secs. 2999, 3000. Felony is that for which offender is *liable* to imprisonment in penitentiary, Irwin's Code, 4239; Cobb's Dig., 780. Stabbing was felony prior to 1865, Old Code, secs. 4584, 4589, 4549. The parties could not settle such a case, Code, 4609–10, 2999–30; Cobb's Dig., 864. The holder is not protected, Bailey vs. Lumpkin, 1 Kelly, (Ga. R.,) 392; Persons vs. Jones, 12 Ga. R., 371; Code, sec. 2743, 21 Ga. R., 195.

Chandler *vs.* Johnson *et al.*

McCay, J.

1. The charge of the Court, that the defendant must prove that a felony had been *actually* committed, was, we think, too strong, and calculated, without explanation, to mislead the jury. The natural inference from the charge, is that it was upon the defendant to make out a clear case of guilt on his part. We do not think this is the law. It is sufficient if there be a *bona fide* charge against the defendant of a felony. Any stronger case than this, required to defend a note, tinctured with illegality, by reason of its being given to compound a felony, would make the law a farce. It is a high requirement of public policy that felonies shall be punished, since the law frowns upon any attempt to suppress the *investigation* of such a charge, and the agreement not to prosecute, is the illegality: Chitty on Contracts, 582, and note.

2. Stabbing, by our law, as it stood at the time of this transaction, was or was not a felony, in the discretion of the Court passing the sentence. It might be a felony since it was in the discretion of the Court to punish it by imprisonment in the penitentiary: Cobb's Dig., 789. And this higher law is the criterion determining the grade of a crime not punishable with death : Cobb's Dig., 780. This charge, therefore, might be a felony. That would depend on the investigation, and on the wise discretion of the Court, under the facts as they might appear on the trial. This, however, according to the defendant's case, now under consideration, it was the very object of the contract set up to avoid, and clearly it comes within the reason and spirit of the law, against compounding a felony.

3. Without discussing what was the old law, it is sufficient to say that our Code, sections 2703, 2707, 2999, settles clearly the questions made on the second charge of the Court. Section 2999, whilst it expressly enacts that torts may be settled, that the person injured may receive compensation for the damages he has received, just as positively and just as clearly provides that any attempt to satisfy the public offence, or to suppress a prosecution therefor *vitiates the whole agreement.*

It makes no difference that the amount received or agreed to be paid is not more than a fair compensation for the injury, if the settlement of the felony forms any part of the agreement—is an ingredient entering into the intentions and promises of the parties, the whole agreement is illegal and void. So, too, section 2703 of the Code provides that if the consideration be illegal in whole *or in part,* the whole promise fails. A distinction must, however, be made between a void consideration and an illegal one. An illegal consideration is void, but a consideration may be void, though not illegal, a contract may have no consideration for a part of the promise, and one that has totally failed. In such cases, if it be possible to sever that part of the contract founded on this void or defective consideration from the good part, it may be done, and the good part will stand. But if the consideration for any part of it be *illegal,* the whole contract is void. The illegality corrupts and vitiates the whole, and the Courts will have nothing to do with it: Sec. 2703 of the Code.

Again, a distinction must be taken between the *consideration* and the *promise.* If any part of the *consideration* of a promise be illegal, the whole promise is void. But a *promise* may be to do two things, one of which is illegal, and, if it be possible to sever the promise—to separate that part of it which is legal from that part which is illegal—the good or legal parts will be enforced : Code, sec. 2707.

The charge of the Court did not, in our judgment, give this law, as it bears upon the facts of this case, to the jury, and there ought to be a new trial.

Judgment reversed.