HURST *et al. v.* McKISSACK, executrix.

No. 17994.  ARGUED OCTOBER 14, 1952—DECIDED NOVEMBER 12, 1952— REHEARING DENIED NOVEMBER 25, 1952.

442

*Zach Arnold* and *Stone & Stone,* for plaintiffs in error.
*W. L. Ferguson* and *R. R. Jones,* contra.

DUCKWORTH, Chief Justice. There is a motion to dismiss the bill of exceptions here upon the ground that no approved brief of evidence is in the record; but, even if this motion is based upon sound grounds, our action would be to affirm rather than dismiss. In response to the motion counsel for the plaintiffs in error have informed this court that the trial judge has, at his request since the oral argument, belatedly approved the brief of evidence; but, if we were to require the clerk to certify and send up that brief, we would only remove the grounds upon which the motion is based and still have for decision the legal question that is controlling. Therefore, without ruling upon either of the foregoing matters, we go directly to a decision of the main question on its merits.

That question is whether or not the document signed by the plaintiffs in error divested them of all interest in the property referred to in item 8 of their mother's will, and whether or not their brother John became the owner of that property. Obviously the signed instrument is rather indefinite, but when it is read in the light of applicable law, its legal consequence becomes unmistakably plain. By reciting, as it does, consideration flowing from their brother John to their mother and to themselves,

it is apparent that they have a desire and an intention that he thereby receive something in exchange for those considerations. In view of this fact further expression of their willingness to waive their interest under item 8 of the will amounts to and actually means an outright waiver or renunciation of all interest in that property. But counsel for the plaintiffs in error say that, when it is admitted that the document constitutes a waiver of the interest of the signers, the fact remains that they did not thereby expressly or impliedly convey such interest to their brother John. If we were limited to the instrument alone, unaided by applicable law that states what its effect is, we would be inclined to rule against such contention of counsel, because an application of the cardinal rule of construction, which requires a construction that will effectuate the intentions of the parties as revealed by the writing, would require a ruling that the instrument conveys the interest of the signers to their brother John for the considerations therein acknowledged. Such construction would be supported by the further fact that, unless the instrument is so construed, and if their renunciation of all rights under item 8 of the will could create an intestacy, they would be right back where they started, receiving the property, which they had rejected, as heirs of their mother.

But there is another solid reason why such contention of counsel must be rejected. There can be no question but that the devise in item 8 is to the children of the testatrix as a class, the pertinent language of the item being, "I bequeath and devise the money arising from said sale to all my children share and share alike, including my son John." By settled law the property under such devise goes to those members of the class who survive the testatrix. The shares of deceased members go to the surviving members. *Davie* v. *Wynn*, 80 *Ga.* 673 (6 S. E. 183); *Tolbert* v. *Burns*, 82 *Ga.* 213 (8 S. E. 79); *Ham* v. *Jarrell*, 158 *Ga.* 77 (122 S. E. 773); *Toucher* v. *Hawkins*, 158 *Ga.* 482 123 S. E. 618); *Tate* v. *Tate*, 160 *Ga.* 449 (128 S. E. 393); *Snellings* v. *Downer*, 193 *Ga.* 340 (18 S. E. 2d, 531). Had the signers of this waiver predeceased the testatrix and the remaining child of the testatrix (John) survived her, he would have, under the law, received the entire property. The testatrix had the right to name the signers of this document as beneficiaries,

but she did not have the power to require them to accept it against their wishes. In the exercise of their own right they have, by this document, refused to accept the property, thereby leaving the brother John as the only member of the class willing and able to accept it. There is simply no difference in substance in a case where members of a class predecease the testatrix and the case here where members of the class—although surviving the testatrix—nevertheless, immediately record upon the will itself their unqualified refusal to accept the property bequeathed. In either event, only one member of the class is willing to accept the property and, under settled law, all the property must go to those members of the class who survive the testatrix and who are willing to take. It follows that the son John was entitled to all of the property under item 8 of the will. When these plaintiffs in error signed the instrument which renounced for themselves all interest in the property, the law stepped in and in effect added to that instrument the further provision that such interest must go to their brother John.

The plea setting forth the signed waiver of the plaintiffs in error constituted a complete defense to their suit, and the court did not err in overruling their motion to strike that plea. Since the final judgment is assailed only on the ground that the court erred in so ruling, it follows that that judgment must be

*Affirmed. All the Justices concur.*