19970. LOVE, Guardian ad litem, *v.* FULTON NATIONAL BANK OF ATLANTA, Trustee, *et al.*

ARGUED JANUARY 16, 1958—DECIDED FEBRUARY 10, 1958—
REHEARING DENIED MARCH 7, 1958.

*Joseph Love,* for plaintiff in error.

*Haas, Holland & Blackshear, S. Jarvin Levison,* for parties at interest not parties to record.

*James F. Cox, Joseph J. Fine, D. W. Rolader,* contra.

WYATT, Presiding Justice.   1. Without here setting out the petition, it is sufficient to say that the instrument which it is here sought to have construed is sufficiently vague and contradictory to authorize a trustee to seek to have a court of equity construe it.   It, therefore, follows that the judgment overruling the general demurrer to the petition was not error.

2. There being no merit in any of the special demurrers, it was not error to overrule them.

3. The real question involved in this case is whether or not children of David Saul and Alvin Saul who might be born after the date of the execution of the trust agreement here under consideration will, if and when born, be entitled to share in the trust

fund. The trust agreement is a long and complicated instrument, which it is not necessary to set out in full here. The material portions are as follows: "Whereas the Donor is the Mother of David Saul and Alvin Saul, and is the grandmother of the minor children of David Saul, to wit; Sally Ann Saul and Robert M. Saul, and is the grandmother of the minor children of Alvin Saul, to wit; Nancy Saul, Judy Ann Saul, and Harriet Saul, all said grandchildren, including any unborn grandchildren, hereinafter referred to as 'Beneficiaries', and,

"Whereas, because of the natural love and affection which the Donor bears for said grandchildren, she wishes to give and provide for them an independent incou ᐟ for their use, benefit, and welfare, and in said respect desires to create a trust fund for said Beneficiaries by setting aside and transferring certain property in trust with said trust to be known hereafter and designated as the 'Saul Trust', and

"Whereas, it is the desire that said trust shall also include the grandchildren of the Donor herein and whether now in life or hereafter born,

"Now therefore, for and in consideration of the premises and because of the natural love and affection that the Donor has for her said grandchildren, the Donor herein does hereby give, grant, convey, transfer, deliver and assign in fee simple to said Trustees for and as trustees of the Beneficiaries hereunder . . ." designated shares of stock.

Thereafter, in paragraph "A" follow provisions relating to the distribution of income from the trust estate. Paragraph "B" provides, among other things, that payment or delivery of any part of the corpus or income not needed, used, or required for the education, maintenance, comfort, use, support, or requirements of any of the beneficiaries should be made to the beneficiaries as and when each beneficiary shall reach majority, to be the property of such beneficiary in fee simple and free of any trust. Paragraph "C" provides, among other things, that, in the event any beneficiary, after becoming entitled to a share of the trust fund, should die before becoming twenty-one years of age, the part of the trust fund belonging to such beneficiary should belong to the estate of said beneficiary in fee simple and free of any trust.

In defining the terms as used in the trust agreement, the fol-

lowing appears: "The term 'grandchildren' shall include the grandchildren of the Donor whether now or hereafter born."

It is further provided: "Anything in this Trust to the contrary notwithstanding, all property of every trust created by this instrument . . . shall vest and be distributed in fee simple and free of any Trust . . . at the expiration of twenty (20) years and eleven (11) months after the death of the last surviving Beneficiary who is in life on the date of the execution of this instrument, unless sooner vested as herein provided. The purpose of this provision is to prevent any possible violation of the rule against perpetuities . . ."

Finally, the trust agreement provides: "The Trust and gift herein made, together with any additional gifts made in connection with this Trust shall not be construed as a gift of a future interest but shall be considered as a gift of a present interest and to be in compliance with Section 2503 Subsection (c) of the 1954 Internal Revenue Code of the United States of America." The remaining provisions of the trust agreement all concern the administration of the trust and the duties and powers of the trustees and matters not material here.

The order of the trial judge construed the agreement to include only grandchildren of the donor who were living at the time the instrument was executed, and held that grandchildren born after that date would not have or acquire any right, title, or interest in said trust except as an heir at law of any beneficiary who should die prior to obtaining majority; that as each beneficiary reached twenty-one years of age, his share of the trust estate should be delivered to him in fee simple and free of any trust; and that in the event any beneficiary should die before reaching twenty-one years of age, his share should be delivered to his estate in fee simple and free of any trust. The order of the trial court further ordered the trustees to pay out of the trust estate to the United States Treasury Department the gift tax owed on account of the gifts to the trustees in 1956, and to charge the same equally among the five trusts.

It is clear from a mere reading of this instrument that it is provided therein that all the children of David and Alvin Saul, whether born at the time of the execution of the trust agreement or thereafter, should share in the trust. Likewise, it is clear that

it is provided that, in the event a beneficiary should die before reaching the age of twenty-one, his estate should then be entitled to his share, or that any beneficiary reaching the age of twenty-one should receive his share of the trust property. It is equally clear that these provisions, and possibly the provision with reference to an intention to comply with a stated provision of the Internal Revenue Code of 1954, if construed literally, are incompatible and can not be wholly reconciled. It is from these contradictory provisions that the ambiguities in the present instrument arise requiring its construction.

In construing a trust instrument, it is the duty of a court to find the intention of the settlor and to effectuate that intention in so far as the language used and the rules of law will permit. The intention of the settlor is to be determined from the whole instrument and not from isolated portions or statements contained therein. Applying these rules of construction to the instrument in the instant case, it is certain that the first and primary intention of the donor in the instrument here under consideration was to provide for all of her grandchildren, whether born at the time of the execution of the trust instrument or thereafter. She said so clearly and unmistakably throughout the instrument; then, realizing that the trust might extend beyond the time permitted by the rule against perpetuities, she provided that, any other provision in the trust to the contrary notwithstanding, the trust should end twenty years and eleven months after the death of the last surviving beneficiary living at the time the trust agreement was executed. This certainly contemplated that beneficiaries other than those then living were possibly to be included in the trust, or else no provision with reference to the rule against perpetuities was necessary. It is therefore clear that the grandchildren, that is, children of David and Alvin Saul who might be born after the date of the execution of the trust instrument are to be included within the terms of the trust agreement.

The provisions relating to the distribution of the corpus of the trust to any beneficiary reaching twenty-one years of age, or to the estate of any beneficiary who dies before reaching twenty-one years of age, are subordinate to the provisions above referred to, and must be postponed pending a determination of the bene-

ficiaries. There can be no distribution of corpus to anyone, except in so far as the trust instrument authorizes the trustees to encroach upon the corpus in order to accomplish the purposes of the trust, so long as David Saul and Alvin Saul, or either of them, are in life, since it can not be known before that time how many beneficiaries there will be.

However, in view of the provisions of the trust agreement, and especially paragraph 1, subparagraph A, giving to the trustees broad discretion as to the distribution of income among the beneficiaries, they are authorized to pay out all or any part of the income of the trust for the purpose provided in the instrument, and in accordance with the terms of the instrument, to the beneficiaries now in life without regard to the possibility of further beneficiaries. The corpus, however, except as to an authorized encroachment as above stated, must be held in trust until the death of the two sons of the donor, if not sooner terminated under its own provisions, when it will be known how many shares there will be. Then and only then, the provisions of the trust relating to the distribution of corpus and accumulated income can become operative, so that a beneficiary who has reached age twenty-one, or thereafter reaches such age, or his estate if he sooner dies, will be entitled to receive his share of the trust estate.

This construction of this instrument we are sure is as nearly in accord with the intention of the donor as the language used and the rules of law will permit, and most nearly effectuates the intention of the donor at the time the instrument was executed. While we are aware that, as has often been said, the decided cases are of little help in construing an instrument such as this, our view in this case is strengthened by the fact that this court in *Singer* v. *First National Bank &c. Co.*, 195 *Ga.* 269 (24 S. E. 2d 47), a case in which the material facts are almost identical with those in the instant case, reached the same conclusion as is here announced.

In reaching this conclusion, we have not overlooked the provision in the trust agreement that the gifts made therein were gifts of present interests in compliance with section 2503, subsection (c) of the 1954 Internal Revenue Code of the United States, and should be so construed. Such a provision does not

change the character of what is actually done in the instrument. Whether or not the gifts as we have here construed them were gifts of present or future interests in accordance with the terms of the above sections of the Internal Revenue Code, it is not necessary to decide here. Even if it be admitted that the instrument as here construed makes a gift of a future interest, it is clear that the intention of the donor to provide for all of her grandchildren is superior to her desire to come within the provisions of the cited section of the Internal Revenue Code, and this intention will be given effect.

4. It is next contended that the order and judgment of the court below that the trustees pay out of the trust estate all gift taxes due the United States Treasury Department on account of gifts to the trustees during the year 1956 was error. The provisions of section 4, subsection (m) of the trust agreement provide, among other things, that the trustees shall not have power to use income or corpus of the trust fund or any part thereof for the purpose of discharging any legal obligations or debts of the donor. While section 2502, subsection (d) 26 U.S.C.A. 2502 (d), provides that the gift tax shall be paid by the donor, section 6324, subsection (b) of the Internal Revenue Code, 26 U.S.C.A. 6324 (b) provides that, if the tax is not paid when due, the donee of any gift shall be personally liable for such tax to the extent of his gift. Under this section, no matter what the reason and whether or not any attempt has been made to collect the tax from the donor, the tax then becomes an immediate and direct liability of the donee. See Mississippi Valley Trust Co. *v.* Commissioner of Internal Revenue, 147 Fed. 2d 186. The gift tax in the instant case is, therefore, a direct obligation upon the trust fund; and the Treasury Department is authorized by section 6324, subsection (b), to collect the tax from the trustees. It was not therefore error to order the trustees to pay the tax out of the trust funds.

*Judgment affirmed in part and reversed in part. All the Justices concur.*