[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 08-16196

_____

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
SEPTEMBER 10, 2009
THOMAS K. KAHN
CLERK

D.C. Docket No. 05-00132-CV-HLM-4

CATHY KAHN MCSWEENEY,
f.k.a. Cathy Kahn Slechta,
JARROD CHARLES SLECHTA,
ADAM KAHN SLECHTA,
AMANDA GAIL SLECHTA,
JORDAN TURC SLECHTA,
et al.,
all Minors by and Through Cathy Kahn McSweeney,
as Their Next Friend and Natural Guardian,

Plaintiffs-Appellees,

versus

ROGER F. KAHN,

Defendant-Appellant,

ELLIOTT COHEN,
Individually and as Co-Trustee of the CKS
Irrevocable Trust,
et al.,

Defendants.

No. 08-16515

D.C. Docket No. 05-00132-CV-HLM-4

CATHY KAHN MCSWEENEY,
f.k.a. Cathy Kahn Slechta,

Plaintiff,

JARROD CHARLES SLECHTA,
ADAM KAHN SLECHTA,
AMANDA GAIL SLECHTA,
JORDAN TURC SLECHTA,
all Minors by and Through Cathy Kahn McSweeney,
as Their Next Friend and Natural Guardian, et al.,

Plaintiffs-Appellants,

versus

ROGER F. KAHN,

Defendant-Appellee,

ELLIOTT COHEN,
Individually and as Co-Trustee of the CKS
Irrevocable Trust,
et al.,

Defendants.

_____

Appeals from the United States District Court
for the Northern District of Georgia

_____

(September 10, 2009)

Before WILSON and ANDERSON, Circuit Judges, and GOLDBERG,[*] Judge.

PER CURIAM:

In 1994, Plaintiff-Appellee Cathy Kahn McSweeney (f/k/a Cathy Duke) admitted to embezzling $209,071 from her uncle Defendant-Appellant Roger Kahn, while she was employed as his personal financial assistant. Having no ability to return the money immediately, Duke executed a promissory note for the amount. In 1996, Rubye Kahn, Duke's grandmother, established an irrevocable trust, and designated Duke and her children as the beneficiaries. Included in the trust's assets was a 0.9259% interest in a land investment in Jacksonville, Florida, the Swallow Hopkins Liquidating Land Trust ("Swallow Hopkins"). In October 1996, Kahn wrote a letter to Elliott Cohen, a co-trustee of the trust,[1] proposing that Duke transfer the trust's interest in Swallow Hopkins to him in partial repayment of the promissory note; Duke agreed. At the time, Kahn valued the interest at $126,473.23. Between Kahn's acquisition of the Swallow Hopkins interest and the time of trial, Kahn actually received a total of $2,554,687 in cash distributions from the property. Duke, later joined by her children, the other beneficiaries of the trust ("the Children Plaintiffs"), sued Kahn for fraud, civil conspiracy, breach of fiduciary duty, unjust enrichment, and conversion for the acquisition of the interest.

---

[*] Honorable Richard W. Goldberg, Judge. United States Court of International Trade, sitting by designation.

[1] Cohen and his law firm Cohen Pollock Merlin Axelrod & Small, P.C. were former co-defendants who settled with the Plaintiffs prior to trial.

After a three-week trial, a jury found Kahn liable to the Children Plaintiffs for fraud, civil conspiracy, and unjust enrichment in the amount of $1,933,626 (reduced by the Court to $1,798,105.17). Kahn was not found liable to Duke on any count. Kahn has appealed the verdict on several grounds.

In a second phase of the trial, Kahn was also found liable to the Children Plaintiffs for their attorneys' fees and litigation expenses in the amount of $1,729,500. Following the entry of the judgment, the Children Plaintiffs filed a Motion for Equitable Relief to Impose a Constructive Trust on the Children Plaintiffs' Interest in Swallow Hopkins and the Proceeds Therefrom and to Have It Returned to Them. The district court denied the motion. The Children Plaintiffs have cross-appealed this decision.

## Discussion

Upon review, all claims brought by Kahn are without merit. Additionally, the district court was correct in denying the Children Plaintiffs' motion for a constructive trust. Each claim is discussed briefly below.

A. The district court properly instructed the jury on fraud and conspiracy

Jury instructions are reviewed de novo for misstatements of the law. United States v. Campa, 529 F.3d 980, 992 (11th Cir. 2008).

On appeal, Kahn thoroughly confuses his arguments as to fraud and conspiracy. He first argues that constructive fraud could only be proven in this case if a fiduciary duty was imputed to him from Cohen, and the imputation of fiduciary duty is not an action under Georgia law. However, Georgia law defines fraud as the "[s]uppression of a material fact which a party is under an obligation to communicate…. The obligation to communicate may arise from the confidential relations of the parties or from the particular circumstances of the case." Ga. Code Ann. § 23-2-53 (2009). Thus, an "obligation to communicate" is not dictated by the existence of a fiduciary relationship, or even a supposed "imputed fiduciary duty," as Kahn argues. Viable claims for constructive fraud have long been recognized in the absence of a confidential or fiduciary relationship, under the "particular circumstances of the case" clause. Reeves v. B.T. Williams & Co., 127 S.E. 293, 295 (Ga. 1925). In its instructions, the district court read the statute verbatim and reiterated that the obligation to communicate can arise from "the particular circumstances of the case." This instruction was proper.

At trial, the district court instructed the jury that with regard to conspiracy a person without a duty to the Plaintiff may conspire with someone with a duty to the Plaintiff to violate that duty. In so doing, the person would be liable in damages for the resulting breach. Kahn states that the district court did not accurately

5

instruct the jury on Georgia law because Georgia law does not recognize such a broad ground for imputing a fiduciary duty, i.e., that Kahn could assume the fiduciary duties owed to the Children Plaintiffs by Cohen. However, the finding of civil conspiracy does not have to be predicated on the breach of a fiduciary duty. It can be predicated on the commission of various torts, including fraud. Therefore, Kahn and Cohen could have conspired to defraud the Children Plaintiffs instead of conspiring to breach Cohen's fiduciary duties to them. The jury instruction stated that the conspiracy may involve "either a breach of fiduciary duty, a breach of trust, fraud or conversion as those claims will be defined in the Court's instructions"; it was thus not a misstatement of the law. Regardless, Georgia has recognized procuring a breach of fiduciary duty as a valid claim. Insight Tech., Inc. v. Freightcheck, LLC, 633 S.E.2d 373, 378 (Ga. Ct. App. 2006). Kahn's arguments in this regard are baseless.

B. The district court properly refused to enforce Paragraph 10.2 of the trust as argued by Kahn

A district court's interpretation of a contract provision is reviewed de novo. Ohio Cas. Ins. Co. v. Holcim (US), Inc., 548 F.3d 1352, 1356 (11th Cir. 2008).

Paragraph 10.2 of the trust provided that "all powers exercisable hereunder by a beneficiary may be delivered to, executed by, or exercised by…the legal

guardian [or] . . . by a parent or adult relative of the minor." Kahn argues that this provision gave Duke the express right to consent to the transfer of assets out of the trust without obtaining the Children Plaintiffs' approval. In the district court, Kahn moved for a directed verdict based on this provision. The district court denied the motion.

Even if Duke had the authority to consent to the transfer of assets on behalf of her children, according to Paragraph 10.2, she is only granted the "powers exercisable hereunder by a beneficiary." Under Paragraph 10.5 of the trust, "Spendthrift Provision," no income or trust property is transferrable to any creditors of a beneficiary. Therefore, Duke has no power to transfer assets to a creditor and could not consent to the impermissible transfer on behalf of her children. Contrary to Kahn's argument, there is nothing in this provision, or in Georgia case law, that indicates it only prevents <u>involuntary</u> transfers. In fact, "[a] spendthrift provision prohibiting voluntary transfers is valid and enforceable." Ga. Code Ann. § 53-12-28 (2009). Kahn argues that Rubye Kahn's intent in creating the trust was to "provide a vehicle for the repayment of Kahn." However, this is in direct contradiction to the Spendthrift Provision, and the intention of the settlor can only be effectuated "in so far as the language used and the rules of law will

7

permit." Love v. Fulton Nat'l Bank of Atlanta, 102 S.E.2d 488, 491 (Ga. 1958).

Kahn's argument fails.

C. The district court properly denied Kahn's motion for judgment as a matter of law

A district court's decision on a motion for judgment as a matter of law is reviewed de novo. Abel v. Dubberly, 210 F.3d 1334, 1337 (11th Cir. 2000).

Kahn argues that the district court should not have denied his motion for judgment as a matter of law because the Children Plaintiffs did not prove what the trust was worth in 1996. Without this value, Kahn argues, it is not possible to prove that he committed fraud or was unjustly enriched because the Plaintiffs cannot show that he undervalued the Swallow Hopkins interest at the time of the transfer. However, the Plaintiffs did present sufficient evidence for the jury to make a finding of fraud, including cash distributions from the interest prior to 1996 and the cash distributions made after 1996. While it may be possible to disagree with the jury's findings, "the jury's verdict should not be disturbed if there is competent evidence in the record to support it." Deakle v. John E. Graham & Sons, 756 F.2d 821, 827 (11th Cir. 1985). The jury could have found otherwise, but it did not, and its verdict in this case should not be disturbed.

D. The jury's damages award properly included distributions from the Swallow Hopkins interest

8

In reaching the damages amount, the jury based their award on the amount of distributions Kahn had received from the Swallow Hopkins interest from 1996 until the time of trial. Kahn argues that this award was improper because the only way Duke could have repaid him was through the transfer of this asset. This is a baseless, and somewhat illogical, argument. It was not the <u>only</u> way that he could have been repaid. Duke could have transferred any of her distributions from the trust to him. In addition, pursuant to the spendthrift provision, transfers of assets to creditors were not permitted. The amount of the distributions is certainly a logical basis for calculating the damages. That is the amount the trust would have received from the asset had it not been transferred to Kahn. This argument fails.

E. <u>The district court properly allowed Children Plaintiffs' counsel to testify on the issue of attorneys' fees</u>

In the second phase of the trial, Children Plaintiffs' counsel, Charles Huddleston, testified as to the amount of attorneys' fees that accumulated over the course of the litigation for the purposes of an attorneys' fees award. Kahn objects to this witness because he was not on the witness list and because he was not offered as an expert.

Admissibility of testimony is reviewed for abuse of discretion. <u>Allison v. McGhan Med. Corp.</u>, 184 F.3d 1300, 1306 (11th Cir. 1999). Further, this Court

will not "overturn an evidentiary ruling unless the moving party establishes a substantial prejudicial effect." Perera v. U.S. Fidelity and Guar. Co., 544 F.3d 1271, 1274 (11th Cir. 2008). The claim for attorneys' fees had been part of the case for three years; and Huddleston had been the Children Plaintiffs' lead counsel for three years prior to the trial. As the district court correctly ruled, Kahn should not have been surprised by this witness and thus was not prejudiced by permitting this witness to testify.

In addition, "the district court has broad discretion in determining whether to admit or exclude expert testimony, and its decision will be disturbed on appeal only if it is manifestly erroneous." Evans v. Mathis Funeral Home, Inc., 996 F.2d 266, 268 (11th Cir. 1993). As lead counsel for the Plaintiffs for three years, Huddleston was certainly qualified to testify as to the amount and value of his, and his firm's, legal services. Kahn's arguments as to attorneys' fees fail.

F. The district court did not abuse its discretion in denying the Children Plaintiff's request for a constructive trust

During the phase of the trial regarding attorneys' fees, the Children Plaintiffs filed a Motion for Equitable Relief to Impose a Constructive Trust on the Children Plaintiffs' Interest in Swallow Hopkins and the Proceeds Therefrom and to Have It Returned to Them. The district court denied the motion stating that the Plaintiffs

10

have an adequate remedy at law; and have already been adequately compensated by the damages award in this case.

A district court's decision to grant or deny equitable relief is reviewed for abuse of discretion. <u>Major League Baseball v. Crist</u>, 331 F3d 1177, 1183 (11th Cir. 2003). The district court used the proper standard in evaluating the Children Plaintiffs' motion. The district court repeatedly stated that it was evaluating whether the damages awarded the Plaintiffs were a complete and adequate remedy, which is the correct standard in evaluating a request for equitable relief. <u>See</u> <u>Mitsubishi Int'l Corp. v. Cardinal Textile Sales</u>, 14 F.3d 1507, 1519 (11th Cir. 1994). There is only a passing reference to the "impossible" standard that the Children Plaintiffs claim was used. Additionally, constructive trusts are only available when the monetary damages do not make the party whole. <u>Id.</u> at 1518. Here, the jury awarded an amount that approximately equated to the amount of cash distributions received by Kahn from 1997 through August 2008. The Children Plaintiffs did not adequately explain how this amount does not make them whole.[2] In this Court's eyes, it does.

---

[2] It should be noted that only 464 acres of the original 12,000 acres in the Swallow Hopkins land trust remain available for sale.

## Conclusion

Based on the foregoing reasons, we agree with the decisions made by the district court below.

AFFIRMED.